**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RODELL SANDERS, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 13 CV 0221 |
| | ) | |
| CITY OF CHICAGO HEIGHTS, et al., | ) | Hon. Judge Amy St. Eve |
| Defendants. | ) | |
| | ) | |
| | ) | |

1

## CONSENT JUDGMENT AND ORDER

This Court, coming to be heard on the Joint Motion for Entry of Consent Judgment submitted by Plaintiff Rodell Sanders and Defendants City of Chicago Heights, Jeffrey Bohlen and Robert Pinnow (collectively the "Chicago Heights Defendants"), and having considered the Motion, along with the pleadings and evidence before the Court, the Court makes the following findings and enters a Consent Judgment as follows:

1. Sanders filed his civil rights lawsuit on January 11, 2013, against Chicago Heights and certain of its current and former Police Department personnel, including Jeffrey Bohlen and Robert Pinnow, claiming numerous causes of action including, but not limited to, 42 U.S.C §1983 civil rights violations and state law torts, including malicious prosecution. Sanders filed a First Amended Complaint on August 5, 2015, and a Second Amended Complaint (which is the operative form of the Complaint pending at the time of this Consent Judgment Order) (the *"Sanders Lawsuit")* on April 10, 2015. The *Sanders Lawsuit* alleges that he was wrongfully convicted and imprisoned for almost 20 years for a murder and attempted murder he did not commit and now seeks compensation for the harm he allegedly endured over the years of his incarceration. Sanders was arrested on January 14, 1994, and thereafter convicted. Following a series of post-trial motions, Sanders was granted the right to be retried. Following his third retrial, on July 22, 2014, Sanders was found not guilty and subsequently released from prison.

2. The Chicago Heights Defendants have filed an answer herein in which they deny the allegations in the Complaint. Moreover, the Chicago Heights Defendants have challenged the *Sanders Lawsuit* through motions to dismiss and motions for summary judgment and have continued to deny any liability for Sanders' alleged injuries, damages, attorneys' fees and costs. The Parties have stipulated that their request for entry of a Consent Judgment is for the purpose of settling and compromising Sanders' claims, which are disputed, and that the request does not

constitute any admission of fault, responsibility or liability on the part of the Chicago Heights Defendants, and that all fault, responsibility or liability on the part of the Chicago Heights Defendants is expressly denied.

3. In response to Chicago Heights' Defendants' motions for summary judgment, on May 17, 2016, pursuant to a Memorandum Opinion and Order, this Court rendered summary judgment in favor of, and dismissed with prejudice, the following named defendants: Sam Mangialardi, Charles Nardoni, Anthony Murphy, Joseph Robustelli, and Jeffrey Goss. Accordingly, the only remaining Defendants left to stand trial are Chicago Heights, Jeffrey Bohlen and Robert Pinnow.

4. The *Sanders Lawsuit* is scheduled for a jury trial on October 31, 2016, during which Sanders will be seeking damages against the remaining defendants the City of Chicago Heights, Jeffrey Bohlen and Robert Pinnow.

5. Based on the parties' notification to this Court, the Parties have engaged in settlement discussions in the interest of avoiding the expense, inconvenience, uncertainty, risk and delay of litigation.

6. In entering this Consent Judgment Order, the Court relies upon, *inter alia,* the determinations in the Court's Memorandum Opinion and Order addressing the defendants' motion to dismiss, dated November 7, 2014, Document # 69; and the Memorandum Opinion and Order addressing the defendants' motions for summary judgment, dated May 17, 2016, Document # 188, as well as the materials filed by the parties in support of, and in opposition to, summary judgment, and the stipulations from the Parties as to the Settlement Agreement, Release, Assignment, Covenant Not to Sue and Covenant Not to Execute ("Settlement Agreement") executed by the Parties and United National Insurance Company.

7. In light of the foregoing, the Court acknowledges these facts to be relevant to the reasonableness and good faith basis for entry of a Consent Judgment:

a. The City of Chicago Heights is a municipal corporation and local governmental entity that is subject to the provisions of the Illinois Local Governmental and Governmental Employees Tort Immunity Act. 745 ILCS 10/1 *et seq.* As such Chicago Heights is obligated to indemnify its employees for attorneys' fees and compensatory judgments incurred by its employees for claims asserted against them in the scope of employment. 745 ILCS 10/2-301; 10/9-102.

b. Defendants Jeffrey Bohlen and Robert Pinnow were acting within the scope of their employment at all times material to *Sanders Lawsuit* and this Consent Judgment.

c. The criminal proceedings against Plaintiff Sanders were terminated in favor of Sanders when he was found not guilty of all charges on July 22, 2014 and subsequently released from prison.

d. Plaintiff Sanders has voluntarily withdrawn with prejudice his claims against the Chicago Heights Defendants for punitive damages.

e. The remaining claims against the Chicago Heights Defendants include: Due Process (42 U.S.C. §1983); Conspiracy (42 U.S.C. §1983); Failure to Intervene (42 U.S.C. §1983); Malicious Prosecution (State law claim); Intentional Infliction of Emotional Distress (State law claim); Respondeat Superior (State law claim); Indemnification (State law claim).

f.  Given the duration and length of Sanders' incarceration and the physical and emotional injuries he is alleged to have suffered during and after his incarceration over a 20 year period, the Court finds that a Consent Judgment of $15,000,000 (fifteen million dollars and no cents) in compensatory damages awarded to Plaintiff Rodell Sanders for his claims to be assessed against the City of Chicago Heights, Jeffrey Bohlen and Robert Pinnow, is just, reasonable, and was determined in good faith.

8.  The parties are separately intending to execute an assignment and covenant to limit enforcement of this consent judgment as to the Chicago Heights' Defendants, which will be filed of record in this matter.

For the above stated reasons, the Court hereby enters this Consent Judgment against Defendants City of Chicago Heights, Jeffrey Bohlen and Robert Pinnow on the claims set forth in Paragraph 7(e) above in the amount of $15,000,000 (fifteen million dollars).

The Parties have stipulated to entry of the Consent Judgment based on the terms set forth above and to be processed as follows:

A.  Judgment in favor of Plaintiffs Rodell Sanders and against City of Chicago Heights, Jeffrey Bohlen, and Robert Pinnow in the amount of $15,000,000 (fifteen million dollars) for compensatory damages based on injuries suffered for wrongful conviction and incarceration from 1994 to 2014, as alleged in Sanders' Second Amended Complaint.

B.  Within ten days after entry of this judgment, Sanders shall file a motion for order of dismissal of this case with prejudice, dismissing all claims against all Defendants, including the City of Chicago Heights, Jeffrey Bohlen and Robert Pinnow.

C.  The Court will retain jurisdiction of this Consent Judgment for the purpose of enforcement of this judgment.

Honorable Judge Amy J. St. Eve
U.S. District Court Judge

Dated:  September 28, 2016

5